```
            IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| ELLIS CHAPMAN, | ) | |
| | ) | |
| Petitioner, | ) | 4:08CV3120 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on respondent's motion for summary judgment (Filing No. 10). Petitioner Ellis Chapman ("Chapman") did not respond to the m,otion. As set forth below, the motion for summary judgment will be granted.

## *I.  BACKGROUND*

Petitioner filed his petition for writ of habeas corpus ("Petition") in this matter on June 4, 2008 (Filing No. 1). The Petition sets forth one claim, that petitioner is entitled to a writ of habeas corpus because he was not informed of "any conditions regarding [his] bond," including that petitioner could "not get arrested again." (*Id.* at CM/ECF p. 3.) On July 7, 2008, respondent filed a motion for summary judgment (Filing No. 10), Brief (Filing No. 11), and State Court Records (Filing No. 12) arguing that petitioner is not entitled to the relief sought because he is no longer in custody and because "the setting of bail for a charged offense is a matter of state law." (Filing No. 11 at CM/ECF pp. 1-2.)

The Court's records show that on July 2, 2008, correspondence from the Court was returned as "undeliverable" because petitioner had been released from custody (Filing No. 9). The Court updated its records and re-sent the correspondence to the address provided by the institution. (*Id.*) Respondent confirms that petitioner is no longer in custody, and that he was released from the Lancaster County, Nebraska, Department of Corrections on June 20, 2008 (Filing No. 12-2, Attach. 1 at CM/ECF p. 1).

## *II. ANALYSIS*

Individuals seeking habeas corpus relief from the judgment of a state court must be "in custody." 28 U.S.C. § 2254(b)(1). An individual satisfies the "in custody" requirement if he is incarcerated "at the time the petition was filed" and a petition for a writ of habeas corpus does not become moot simply because the petitioner fulfills his sentence. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, if a petitioner is released from custody while his habeas corpus petition is pending, the petition is moot unless "some concrete and continuing injury other than the now-ended incarceration . . . some 'collateral consequence'" exists. *Id.* (citation omitted). Such "collateral consequences" are required in order to satisfy the jurisdictional "case or controversy requirement" for federal judicial proceedings. *Id.* Stated another way, the petitioner "must have suffered, or be

threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," or his petition is moot. *Id.* (quotation omitted).

Here, there is no indication that petitioner was convicted of any criminal charge. Although Chapman filed his petition while he was still in the custody of respondent, he was subsequently released from their custody (Filing No. 12-2, Attach. 1 at CM/ECF p. 1). Therefore, unless Chapman is subject to some collateral consequence of his incarceration, his petition is moot. Chapman has not submitted any argument or evidence regarding collateral consequences and none are apparent in the record. In fact, Chapman sought the reinstatement of his "personal recognizance bond" and to be released on that bond (Filing No. 1 at CM/ECF p. 4). The Court finds that there is no continuing injury traceable to respondent, and Chapman's petition will be dismissed.[1] A separate order will be entered in accordance with this memorandum opinion.

DATED this 16th day of October, 2008.

BY THE COURT:

/s/ Lyle E. Strom

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
LYLE E. STROM, Senior Judge
United States District Court

---

[1] Because the petition is moot, the Court need not reach respondent's argument that federal habeas relief is not available to Chapman because bail is a matter of state law. However, the Court agrees that federal habeas corpus relief is unavailable "for errors of state law." *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir. 2006) (quotation omitted).